IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | |
|---|---|
| IN RE: | ) Bankruptcy No. 10 B 55569 |
| MLJAFA, Inc. d/b/a Papa Joe's Restaurant | ) |
| | ) Chapter 11 |
| Debtor | ) |
| | ) Judge Jacqueline P. Cox |

**AGREED FINAL ORDER APPROVING USE OF CASH COLLATERAL OF THE
UNITED STATES OF AMERICA, INTERNAL REVENUE SERVICE**

This matter coming on to be heard on the MLJAFA, Inc. d/b/a/ Papa Joe's Restaurant, Debtor and Debtor in Possession (hereinafter, Debtor), for the authority to use cash collateral; the Court having examined the foregoing Motion; and the Court being fully advised in the premises;

THE PARTRIES STIPULATE THAT:

1. On December 16, 2010, the debtor filed a petition for reorganization under Chapter 11 of the Bankruptcy Code. Pursuant to 11 U.S.C. §§ 1107 and 1108, the Debtor has retained possession of its assets and is authorized thereby, as Debtor in Possession, to continue the operation and management of its business.

2. The United States of America, Internal Revenue Service (the "Service"), claims , and the Debtor acknowledges, that the Service has a valid lien upon property of the Debtor existing as of the date of the filing of the petition herein including accounts receivable, inventory, and the cash proceeds thereof.

3. An immediate need exists for the debtor to use cash collateral in order to continue the operation of its business. Pursuant to 11 U.S.C. § 363, the proceeds of accounts receivable, contract rights, inventory, and general intangibles are cash collateral. The Services has indicated a willingness to consent to the Debtor's use of a limited amount of cash collateral provided that the Service is granted adequate protection pursuant to 11 U.S.C § 361.

4. The Debtor has agreed to and does grant to the Service a replacement lien on all post-petition property of the debtor, including, but not limited to, inventory, machinery, furniture and fixtures, accounts receivable, contract rights, and general intangibles, and the proceeds thereof. Said replacement lien shall have the same validity, extent and priority as the Service's pre-petition lien.

5. Pursuant to 11 U.S.C. §361, the Debtor has agreed to pay $3,500.00 on the first day of each month until confirmation of a plan of reorganization in this case in order to adequately protect the secured interest of the Service.

6. The liens granted herein to the Service shall be valid, perfected, and enforceable without any further action by the Debtor or the Service, and without the execution or recordation of any financing statements, security agreements, or other documents.

IT IS THEREFORE ORDERED:

A. The Debtor is authorized to use the IRS's cash collateral upon the terms of this Order.

B. The Service is hereby granted a replacement lien on all post-petition property of the debtor, including, but not limited to, inventory, machinery, furniture and fixtures, accounts receivable, contract rights, and general intangibles, and the proceeds thereof. Said replacement lien shall have the same validity, extent and priority as the Service's pre-petition lien.

C. Prior to confirmation of a Plan of Reorganization in these proceedings, the Debtor shall pay to the Service $3,500 on the first day of each month until confirmation of a Plan of Reorganization. Said payments will be applied to the Debtor's tax liability at the Service's discretion.

D. At all times during the pendency of these proceedings, the Debtor shall maintain insurance covering the full value of their machinery, furniture and inventory.

E. The provisions of the Order shall remain in full force and effect unless modified or

vacated by other subsequent Order of this Court, or upon conversion or dismissal. If any or all of the provisions of this Order are hereafter modified, vacated, or stayed by subsequent Order of this Court or any other court, such stay, modification, or vacation shall not affect the validity of any lien, priority, or other benefit granted the Service by this Order.

F. A copy of any Disclosure Statement or Plan of Reorganization proposed by the Debtor, a copy of each monthly operating report, and notice of all matters which might affect the Service's secured position or the ultimate collectability of its claim herein shall be timely mailed to the following:

> SB/SE COUNSEL, I.R.S.
> 200 West Adams, Sutie 2300
> Chicago, Illinois 60606
>
> Attn: Territory Manager 5010 CHI
> Insolvency Terriotry 7
> 230 South Dearborn Street
> Chicago, Illinois 60604

G. All payments made pursuant to this order shall be timely mailed to the Service at the following address:

> Attn: J. Spencer Hitt
> SB/SE Counsel, I.R.S.
> 200 West Adams, Suite 2300
> Chicago, Illinois 60606

Date: 8/9/11

ENTER: *Jacqueline P. Cox*

J. Cox
United States Bankruptcy Judge

Prepared by:
Ariane Holtschlag
Grochocinski, Grochocinski and Lloyd, Ltd.
1900 Ravinia Place
Orland Park IL  60462
Phone: (708) 226-2700
Fax:  (708) 226-9030
Email: lawyers@ggl-law.com